[Civ. No. 5646.  First Appellate District, Division One.—March 12, 1927.]

SAMUEL ROSENBERG et al., Respondents, v. SAN FRANCISCO STORAGE COMPANY (a Corporation), Appellant.

[1] WAREHOUSEMEN — DEPOSIT — CONVERSION — CREDIBILITY OF—WITNESSES.—In this action against a warehouse company for conversion, it is held that the evidence was sufficient to sustain findings as to the fact of making the deposits claimed and as to the value of the property, the question of the credibility of witnesses being for the trial court before whom the cause was tried.

[2] ID.—LIMITATION OF LIABILITY—SUBSEQUENT DEPOSITS—STATUTORY CONSTRUCTION.—In such action, the fact that the warehouse company limited its liability on the deposits in accordance with Stats. 1909, p. 437, did not, of itself, limit liability as to subsequent deposits of personal property received, in the absence of the assent, express or implied, of the persons making the deposits.

[3] ID. — FAILURE TO ISSUE RECEIPTS — LIABILITY OF DEPOSITOR. — In such action, where the deposits were received by the warehouse company under a contract limiting its liability to twenty-five dollars for each package, as provided by Stats. 1909, p. 437, the persons making such deposits were bound by such limitation of liability as to subsequent deposits, although no receipts were issued therefor, since the persons making the deposits impliedly assented to the limitation of liability as to subsequent deposits.

---

(1) 38 Cyc., p. 1945, n. 32; 40 Cyc., p. 478, n. 32, p. 481, n. 41.
(2) 40 Cyc., p. 437, n. 19.

1.  Credibility of witnesses, note, 86 **Am. Dec.** 328.  See, also, 27 Cal. Jur. 186; 28 R. C. L. 657.
3.  See 25 Cal. Jur. 962.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Dowd & Reagh for Appellant.

Brownstone & Goodman for Respondents.

CASHIN, J.—An appeal from a judgment in an action for conversion.

The complaint alleged that appellant corporation, which conducts a storage warehouse, received from respondents for storage certain personal property owned by them which it failed to redeliver on demand. Judgment was entered for the plaintiffs in the sum of $440, the value of the property according to the findings of the trial court, with interest thereon at the legal rate from November 3, 1923, to the date of the judgment, and costs.

Appellant urges as grounds for reversal of the judgment that the findings are unsupported by the evidence, and that its liability, if any, was limited by contract.

Appellant admitted the receipt of several parcels of personal property from respondents, but denied the receipt of four parcels which the latter claimed were deposited and not redelivered. The first deposit of thirteen parcels was made on November 5, 1921, by respondent Lois Rosenberg, then unmarried, the receipt therefor being issued in the name of Miss Alexander. Subsequently, on May 15, 1922, three parcels were deposited and a fourth on August 11, 1922, the number regarding which there is no dispute aggregating seventeen parcels. Respondents intermarried in June, 1922, and, according to the testimony of the husband, the four parcels in dispute were owned by the spouses and were deposited subsequent to the marriage. The date of this deposit was not shown, but it may be inferred from the testimony that it was between the date of the marriage and September 15, 1922, when the seventeen parcels mentioned were redelivered to respondents. It appears that a receipt, which respondents were then requested by appellant to sign, contained, in addition to those redelivered, a description of

the four parcels in question. It further appears that following the first deposit a storage receipt and contract containing limitations of liability was received by respondents; that a list of the parcels was contained therein and, according to the testimony of its officer, it was the practice of appellant, as other deposits were made, to add the latter to a duplicate of the receipt and list retained by it. This receipt was inclosed with a letter calling attention to the terms and conditions contained therein, and requesting that if the terms were not satisfactory the corporation be at once notified. No receipts for subsequent deposits were, according to the testimony of the respondents, issued to them.

[1] It is urged by appellant that the testimony of the husband as to the fact and value of the deposit in question was uncertain and contradictory to a degree which destroyed his credibility. While his recollection of events was not clear, and his testimony was vague and uncertain in many particulars, yet the question of his credibility was for the trial court, and we cannot say that the evidence was insufficient to support its findings on these issues.

The material parts of the receipt and contract mentioned were as follows:

"Received for the account of Miss Alexander the goods enumerated in the schedule annexed for storage upon the following terms and conditions: It is agreed . . .

"The responsibility of this warehouse for any piece or package or its contents is limited to the sum of twenty-five dollars unless the value thereof is made known at the time of the storing and receipted for in the schedule, and an additional charge made for the higher valuation.

"Unless notice be given in writing to the warehouse within five days the terms will be deemed to be correct and complete."

The receipt made no provision for subsequent deposits, and appellant was not apprised of the value of the parcels then or subsequently received for storage.

[2] As provided by statute (Stats. 1909, p. 437) appellant by contract might, and in the first instance did, limit its liability, but whether such liability was also limited as to the subsequent deposits depended upon the assent, express or implied, of respondents.

The letter containing the receipt and contract was addressed to Miss Alexander and received by Lois Rosenberg, and, according to the testimony of her husband, this receipt was seen and possibly read by him. He further testified that no receipt was demanded for the deposit in question, nor does it appear that appellant was notified that this deposit was made on a separate account. It was further shown that no account with the husband was opened by appellant, but that the storage charges on all the deposits were made in the first instance to the account of Miss Alexander and subsequently to Mrs. S. Rosenberg, and that statements of account were so issued and paid.

[3] It is clear that appellant understood that all subsequent deposits were made under the terms and conditions of the original agreement; and we are of the opinion that the only conclusion reasonably to be drawn from the evidence is that its terms were adopted and assented to by respondents, and that both were bound by the limitation of liability contained therein.

Under this view the conclusion of the trial court that respondents were entitled to judgment for the full value of the property cannot be sustained. It is, therefore, ordered that the judgment which, including interest, was entered for the sum of $505.97 be modified by deducting therefrom the sum of $390.98; and since, as thus modified, the respondents are not entitled to costs (Code Civ. Proc., sec. 1025), the award of $22.20 as costs of suit is stricken therefrom. As thus modified the judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 10, 1927.